UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA D. BOYD,

    Plaintiff,

v.

BANK OF AMERICA, NA,

    Defendant.

_____/

Case No. 12-10351

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter comes before the Court on Defendant Bank of America, N.A.'s motion to dismiss. The Court finds that the decision process would not be significantly aided by oral argument and, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the hearing previously scheduled for May 9, 2012 is CANCELLED. For the reasons set forth below, Defendant's motion is GRANTED.

**I.  Facts**

Plaintiff Amanda Boyd received a loan, secured by a mortgage, for $94,500 from Countrywide Home Loans, Inc. Plaintiff does not dispute that she defaulted on her loan obligations. Foreclosure by advertisement occurred and a sheriff's sale took place on June 15, 2011. Defendant purchased the property at the sheriff's sale. The redemption period expired on December 15, 2011. Plaintiff did not redeem the property. Fannie Mae initiated

1

an eviction proceeding against Plaintiff. On December 27, 2011, in an attempt to avoid eviction, Plaintiff filed this action in the Wayne County Circuit Court.

Defendant timely removed the action to this Court and filed a motion to dismiss on March 16, 2012. Plaintiff did not respond to Defendant's motion. On April 25, 2012, this Court ordered Plaintiff to file a responsive pleading by April 27, 2012. Plaintiff still has not responded. On May 2, 2012, this Court issued an order for Plaintiff to show cause why the claims against Defendant should not be dismissed for lack of diligent prosecution. Plaintiff's response to the order to show cause was due on May 7, 2012. Plaintiff did not respond to this order.

### III. Analysis

Plaintiff failed to respond to Defendant's motion to dismiss–even after this Court ordered a responsive pleading–leaving this Court to assume that the motion is unopposed. *See* Mich. L. R. 7.1(c)(1) (stating that "a respondent opposing a motion must file a response"). Then, this Court ordered Plaintiff to show cause why the claims against Defendant should not be dismissed for lack of diligent prosecution. Again, Plaintiff failed to respond.

This Court dismisses this case, with prejudice, because Defendant's motion is unopposed and for lack of diligent prosecution. Moreover, this Court dismisses this action because Plaintiff's claims have no merit. Plaintiff made no attempt to stay or challenge the foreclosure and waited until after the redemption period had expired to file this action. Once the redemption period expired, all of Plaintiff's rights in and title to the property were extinguished. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May, 28, 2009).

**IV.   Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated:  May 8, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 8, 2012, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager